THE PEOPLE, on the relation of the Bank of Bloomington, *v.* JESSE K. DUBOIS, Auditor of Public Accounts.

### APPLICATION FOR A MANDAMUS.

A bond or certificate issued under the authority of the second section of the Act of 1847, after the same begins to draw interest, is entitled to a distributive share of the fund created by the two mill tax, provided for in the fifteenth article of the constitution.

IT is hereby agreed, that a bond of the State of Illinois, which was issued under the second section of the act of the legislature, entitled, "An Act to authorize the refunding of the State debt," approved Feb. 28th, 1847, was duly presented to the Auditor of the State of Illinois (Jesse K. Dubois), on the first day of January, A. D. 1858, by the said Bank of Bloomington, and payment demanded of him, of the same or so much thereof as the said Bank of Bloomington, as the holder of said bond, would be entitled to receive from all money in the treasury of the State of Illinois, collected under and by virtue of a tax imposed, under and by virtue of the fifteenth article of the constitution of the State of Illinois, and under and by virtue of acts of the General Assembly of Illinois, passed in furtherance of said section of the constitution, and also for the refunding and payment of the State debt. Said bond was left with said auditor at the time of making such demand, for the purpose of hav-

ing the proper credits entered thereon, in obedience to the provisions of said fifteenth article of the constitution, and of the said laws passed in aid thereof, and for the refunding and payment of the State debt as aforesaid. And further, that on the second day of January, A. D. 1858, said Bank of Bloomington applied to said auditor and demanded its *pro rata* portion of all money then in the treasury of the State of Illinois, collected under and by virtue of said tax, for which the auditor refused to issue his warrant on the treasury, on the ground that he had no authority to pay the same or issue his warrant therefor.

It is further agreed that other bonds of the same description have been presented to him, the said auditor, for payment as aforesaid.

It is further agreed, that there is now collected from said tax, in the treasury of the State of Illinois, ($620,000) six hundred and twenty thousand dollars or thereabouts, to be distributed and paid over in conformity with the requirements of the fifteenth article of the constitution and laws of the State of Illinois in aid thereof.

It is hereby agreed, to submit the question to the Supreme Court of the State of Illinois, whether the auditor shall apportion and pay to the said Bank of Bloomington, by his warrants on the treasury of the State of Illinois, the amount, if any, which said bank is entitled to receive from said tax money, to be decided by said court in the same way as if the application for a mandamus had been made in due form, the said auditor, Jesse K. Dubois, waiving the issuing of the writ, and entering his appearance, also waiving all questions of form.

If the Supreme Court shall be of the opinion that the law is with the said Bank of Bloomington, and that the said bank is entitled to payment on said bond as aforesaid, then a writ of peremptory mandamus may forthwith issue.

This agreement is to be deemed and taken for and have the same effect as a petition, writ and return thereto, and as if all the regular steps had been taken to obtain a peremptory mandamus.

Stuart & Edwards, for the Relator.

M. Hay, for the Auditor.

Caton, C. J. On the 28th of Feb., 1847, an act was passed which authorized the funding of interest on certain State indebtedness. The second section of that act is this: "For the interest now in arrear, certificates shall be issued at the time of making the exchange provided in the foregoing section, which

said certificates shall not be of a less denomination than five hundred dollars, shall bear interest at the rate of six per centum per annum, from and after the first day of January, one thousand eight hundred and fifty-seven, and shall be redeemable at the pleasure of the State, at any time after the year one thousand eight hundred and seventy-seven."

The fifteenth article of the constitution, adopted in 1848, is as follows: " There shall be annually assessed and collected, in the same manner as other State revenue may be assessed and collected, a tax of two mills upon each dollar's worth of taxable property, in addition to all other taxes, to be applied as follows, to wit: The fund so created shall be kept separate, and shall annually, on the first day of January, be apportioned and paid over, *pro rata*, upon all such State indebtedness, other than the canal and school indebtedness, as may, for that purpose, be presented by the holders of the same, to be entered as credits upon and to that extent in extinguishment of the principal of said indebtedness."

The question now is, whether a bond or certificate, issued under the authority of the second section of the act of 1847, is, since the first of January, 1857, when it began to draw interest, " such State indebtedness" as entitles it to a distributive share of the two mill tax fund created by the fifteenth article of the constitution above quoted. We think it is. That fund is specially devoted by the constitution to the extinguishment of State indebtedness, to the exclusion of the interest upon such State indebtedness. It is, however, applicable to the principal of all State indebtedness excepting canal and school indebtedness. These exceptions show an intention to make none others. It is not even confined to the principal of State indebtedness then in existence, but is, both by its language and its policy, applicable to any subsequent indebtedness which might be created under the authority of the constitution. It is no doubt true, that the legislature might not evade the true intention of the constitution, by funding the interest, which was intended to be excluded, and thus making it nominally principal. But such is not the case with the indebtedness now under consideration. The right to this indebtedness was created by the law of 1847. The convention which framed the constitution knew, that by a law then in existence, and which was continued in force by the first section of the schedule of the constitution, the interest which had already accrued should be funded and bear interest like all other State indebtedness, after the first of January, 1857 ; and the presumption is, as no doubt the fact was, that the fifteenth article of the constitution was framed with a knowledge of, and a reference to, that law. The object and

manifest policy of that article of the constitution was to create a fund for the extinguishment of interest paying indebtedness, and which should not be applicable to the payment of interest which by the general principles of law would not draw interest. It is therefore perfectly consistent with the object and policy of the constitution to admit this indebtedness to participate in the fund so soon as it would commence drawing interest under the law by virtue of which it was created. Previous to that time, it retained its characteristic of interest, by not drawing interest, but subsequently it assumed the characteristic of principal by drawing interest. Nor is the law by virtue of which these characteristics attach to this indebtedness, any attempt to evade the intention of the constitution, for it is really a law of the constitution itself, for being already in existence at the time of the formation of the constitution, it was continued in force by that instrument.

The conclusion at which we have arrived in this case, is not in conflict with the case of *The People* v. *The Auditor*, 12 Ill. R. 307. There we held that these interest bonds were to be considered as interest still, till they should commence drawing interest in 1857, and hence not entitled to share in the proceeds of this fund, but the question whether they would be so considered after that time, is expressly reserved in the opinion of the court in that case. This question was not then before the court, nor was any attempt made to decide it.

Let a peremptory mandamus issue according to the stipulation on file.

*Mandamus awarded.*